**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

| | |
|---|---|
| **ALEJANDRO DAVID GARCIA ROSELLO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**JAILER OF BOONE COUNTY DETENTION CENTER, *et al.*,**<br><br>**Respondents.** | **CASE NO. 2:26-CV-315-KKC**<br><br>**OPINION AND ORDER** |

This matter is before the Court on Alejandro David Garcia Rosello's Petition for Writ of Habeas Corpus. (R. 1). For the following reasons, the Court will deny the Petition.

## I. FACTUAL BACKGROUND

Rosello is a native and citizen of Cuba who entered the United States in December of 2021 without inspection. (R. 1 at 2; 10-2 at 1). On April 3, 2025, Rosello was served an I-200 "Warrant for Arrest of Alien" and taken into custody by Immigration and Customs Enforcement. (R. 10-1). On November 30, 2025, Rosello was ordered removed by an Immigration Judge, (R. 10-2), and he has appealed the decision to the Board of Immigration Appeals. (R. 10-3). He is currently detained at the Boone County Jail in Burlington, Kentucky. (R. 1 at 2).

Rosello filed this habeas corpus petition on July 27, 2026, pursuant to 28 U.S.C. 2241. (R. 1). In his Petition, Rosello argues that he is entitled to a custody redetermination hearing, commonly known as a bond hearing, because he is being detained under 8 U.S.C. § 1226(a) and because his 15-month detainment is a violation of his due process rights. (R. 1 at 4–5). Additionally, Rosello argues that his custody is "being used as leverage to extract a guilty plea" in

a state case in Warren Circuit Court and that he is not receiving adequate medical care. (R. 1 at 5–6).

Respondents agree that Rosello is being held under § 1226(a) but argue that detainees are required to initiate custody redetermination hearings and must exhaust administrative remedies before seeking a remedy in court. (R. 10 at 2–4). They argue that Rosello has never requested a custody redetermination hearing. (R. 10 at 2–4). The Government states that it will provide detainees held under § 1226(a) a bond hearing if one is requested. (R. 10 at 4). Respondents object to all other arguments made by Rosello. (R. 10).

## II. ANALYSIS

A district court may grant a writ of habeas corpus to any person who shows their detainment is in violation of the Constitution or the law or treaties of the United States. 20 U.S.C. § 2241(c). In making such a showing, "the petitioner 'has the burden of establishing his right to federal habeas relief and of proving all facts necessary to show a constitutional violation.'" *Caver v. Straub*, 349 F.3d 340, 351 (6th Cir. 2003) (quoting *Romine v. Head*, 253 F. 1349, 1357 (11th Cir. 2001)).

Rosello is not represented by counsel. The Court holds habeas petitions by pro se filers to a less stringent standard than those drafted by a lawyer "however inartfully pleaded" the allegations may be. *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The allegations in the petition "are entitled to a liberal construction" even when "vague and conclusory." *Id.* at 85 (quoting *Burris v. United States*, 760 F.2d 399, 403 (7th Cir. 1970), *cert denied*, 401 U.S. 921 (1971)).

The parties agree that Rosello is detained under 8 U.S.C. § 1226(a). Section 1226(a) states:

> (a) Arrest, detention, and release
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.

> Except as provided in subsection (c) and pending such decision, the Attorney General—
> (1) May continue to detain the arrested alien; and
> (2) May release the alien on—
> (A) Bond of at least $1,500 with security approved by, and contained conditions prescribed by, the Attorney General. . . .

Section 1226(a) applies to noncitizens who are detained while a final decision on removal is pending, as is the case for Rosello. *Lopez-Campos v. Raycraft*, 175 F.4th 713, 721 (6th Cir. 2026). Simply, Respondents have the authority to detain noncitizens while removal proceedings are ongoing, and Petitioner has a right to request a bond hearing before an Immigration Judge. A bond hearing can be obtained with a request by the detainee and Rosello does not contest that he has not made a request for a hearing in his Reply. (R. 12).

There is no statutorily imposed exhaustion requirement for § 1226(a). In the absence of such a requirement, courts use "sound judicial discretion" to determine if exhaustion of administrative remedies is required. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Courts in the Sixth Circuit ordinarily require prudential exhaustion if:

> (1) Agency exhaustion makes agency consideration necessary to generate a proper record and reach a proper decision;
> (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and
> (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Ramirez v. Fields*, No. 26-cv-295 (E.D. Ky. Aug. 20, 2026) (quoting *Torrealba v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1621, 2025 WL 2444114, at *8 (N.D. Ohio Aug. 25, 2026)).

In Rosello's case, these factors favor requiring the exhaustion of administrative remedies. Immigration Courts routinely conduct bond hearings in accordance with § 1226(a), and Congress has given Immigration Judges jurisdiction over these specific custody redetermination hearings. Additionally, allowing habeas corpus petitions to be used as a tool to bypass established procedures

to provide bond hearings to noncitizen detainees would undermine the Immigration and Nationality Act and encourage similar petitions by other detainees. Requiring exhaustion will also allow the Immigration Court to make a determination under § 1226(a) that could prevent the need for judicial review.

"Application for an initial bond redetermination by a respondent, or his or her attorney or representative, may be made orally, in writing, or, at the discretion of the Immigration Judge, by telephone." 8 C.F.R. § 1003.19(b). The Government has stated that it will provide individuals detained under 8 U.S.C. § 1226(a), like Rosello, a bond hearing, if one is requested. (R. 10 at 4). Accordingly, Rosello must exhaust administrative remedies before seeking relief from a court.

Rosello further argues that his fifteen-month detention is a prolonged detention that violates the Fifth Amendment's Due Process Clause. But, again, Rosello has not requested a custody redetermination hearing and has not exhausted the administrative process.

Petitioner also claims that an administrative proceeding "cannot remedy the violation" because the procedure places the burden on the detainee, and he claims that exhaustion "would be an empty formality." (R. 12 at 3). The Court notes the relief sought by Petitioner—release on bond—could potentially be provided through administrative procedures. A hearing that places the burden on the Petitioner may raise due process concerns, but no such violation has yet occurred because Rosello has not requested a hearing. If a due process violation occurs during the custody redetermination hearing, Rosello could raise that issue in a different habeas petition.

Finally, Rosello argues that his detention is being "used as leverage to extract a guilty plea" and that he has medical needs that are not being addressed. (R. 1 at 5). Respondents argue these claims are untrue. (R. 10 at 11–12). In his Reply, Rosello states that "he does not press" a claim in

this habeas petition for those arguments but that those facts "bear on the equities." (R. 12 at 5). Since Rosello does not press those claims, the Court will not address them at this time.

## III. CONCLUSION

Accordingly, for the aforementioned reasons, it is hereby **ORDERED** that petitioner Alejandro David Garcia Rosello's Writ of Habeas Corpus (R. 1) is **DENIED**.

November 6, 2026.

**Signed By:**

***Karen K. Caldwell*** KKC

**United States District Judge**